CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| EVERETT ALLEY o/b/o DAVID ALLEY, deceased, | ) ) ) | Civil Action No. 7:03CV00368 469 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration | ) ) ) ) ) | |
| Defendant. | ) ) | By: James C. Turk Senior United States District Judge |

The plaintiff, David Alley ("Alley" or "plaintiff"), was denied disability benefits and supplemental security income benefits by the Commissioner of Social Security. Plaintiff appealed the decision to this Court, and the matter was referred to United States Magistrate Judge B. Waugh Crigler for a Report and Recommendation. On March 23, 2005, the Magistrate issued an opinion recommending that this Court affirm the Commissioner's decision denying benefits. On April 4, 2005, plaintiff filed his objections to the Magistrate's recommendations. Since neither party requested oral arguments, the case is now ripe for decision. For the following reasons, the Magistrate's Report and Recommendation will be adopted in full.

I.

Alley previously filed an application for benefits in 1996 alleging a date of disability onset of March 5, 1989. The claims was denied on March 24, 1998 without further appeal. Alley's current application alleges an onset date of June, 1996. During the administrative hearing in the current case, Alley moved to reopen the prior decision in view of a medical report

1

dated November 19, 1999. The ALJ found that Alley, who was 37 years old and college educated at the time of the hearing, suffered a severe impairment or a severe combination of impairments. The ALJ proceeded to the final level of the sequential evaluation. Accordingly, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to plaintiff. Since there were non-exertional limitations on plaintiff's ability to perform work-related functions, the Commissioner could discharge her duty in this case only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLaine v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

At the administrative hearing, the ALJ called a medical expert ("ME") and a vocational expert ("VE") to testify in the case. The ME opined that the record evidence in this case fell short of establishing that plaintiff was precluded from any type of work. (Record ("R") at 68-69.) When challenged by plaintiff's counsel on cross examination, the ME articulated the support for his opinion by calling into question the appropriateness of plaintiff's treating physician's opinions, gave "no stock" to the tests used to evaluate plaintiff's mental capacity and construed the reports of plaintiff's mental status to say nothing that suggests plaintiff could not work. As the magistrate stated, the ME essentially opined that the objective medical evidence did not support the conclusions reached by either Dr. Luckett or Dr. Perkins concerning plaintiff's ability to perform work-related activities. (*See* R. 73-78.)

The magistrate stated that the question, in this case, boiled down to whether the ME's evidence, including his explanation for the reasons he formed the opinions he did, qualified as "substantial," thus permitting the ALJ, and the Commissioner, to rely on it to deny the current claim. After a review of the medical evidence in the case, the magistrate concluded that it was

2

sufficient.

Plaintiff has filed a very lengthy brief objecting to the Magistrate's Report and Recommendation. Plaintiff's objection is condensed down to the complaint that the Magistrate did not properly review the record to determine if the ALJ applied the proper legal standards when making his decision. Specifically, plaintiff contends that: 1) the ALJ did not explicitly indicate the weight given to all of the relevant evidence and ignored relevant evidence;[1] 2) the ALJ should have given more weight to plaintiff's examining sources rather than to the ME who testified at the administrative hearing; 3) the ALJ should have considered Alley's intolerance to workplace stress; and 4) the ALJ should have explained and supported his credibility finding.

## II.

The court reviews *de novo* the Magistrate's Report and Recommendation. *See* 28 U.S.C.A. § 636(b)(1). The court must determine whether the Commissioner's findings are supported by substantial evidence, and whether the correct legal standards were applied. *See* 42 U.S.C.A. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. *See Hines v. Bowman*, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. *See Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] Plaintiff lists, as a second objection that the ALJ's hypothetical questions to the VE did not fairly set out all of the claimant's impairments. This objection, however, overlaps with the first one in that it involves plaintiff's allegations of migraine headaches and pain. The Court will consider them together.

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.

The Court will address each of plaintiff's complaints separately.

#### 1. The ALJ Did Not Explicitly Indicate the Weight Given to All of the Relevant Evidence and Ignored Relevant Evidence

Plaintiff argues that a reviewing court cannot determine whether the ALJ's findings were supported by substantial evidence unless he explicitly indicates the weight given to all of the relevant evidence. Plaintiff contends that the ALJ erred when he failed to mention, either in his written decision or his hypothetical question to the VE, Alley's complaints of frequent headaches and pain disorder. Ostensibly, plaintiff's objection to the Magistrate's Report and Recommendation is that it ignored the ALJ's error by concluding that his decision was supported by substantial evidence.

The Court finds that this argument is without merit. In order for the Commissioner to have met her burden in the case, she was required to demonstrate that alternate gainful activity was available to the plaintiff. Since non-exertional limitations existed in this case, the Commissioner could discharge her burden only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). For the testimony of a VE to be relevant, the VE must have considered all the evidence in the record material to plaintiff's limitations and their effect on his work-related capacity. *Walker v. Bowen*. 889 F.2d 47 (4th Cir. 1989). Additionally, if, without explaining his reasons, a Law Judge does not take into account or ignores some probative evidence, reversal or remand may be necessary. 42 U.S.C. § 405(g).

Here, the ALJ, while discussing thoroughly plaintiff's medical history, noted that

4

progress notes from Northwest Medical Center cover treatment from July 1995 to May 1999 for hypertension, chest pain, ulcers, bronchitis and *headaches*. (R. 19.) Additionally, the ALJ noted that on August 14, 1996, plaintiff was treated for tension headaches and that in October 1998, plaintiff complained of headache. *Id.* The ALJ also recognized that he was required to consider all of plaintiff's symptoms, including pain. (R. 21.) The ALJ recounted plaintiff's testimony that he suffered from migraine headaches once or twice a week, usually after 2-3 days of angina. *Id.* Finally, the ALJ references the State agency level decision in which plaintiff's allegations were found not credible. Frank M. Johnson, M.D. recorded in his Residual Functional Capacity Assessment ("RFC") that "[m]igraine [h]eadaches are a treatable condition and therefore not considered disabling." (R. 333). The ALJ agreed with all of Dr. Johnson's assessments, except he found plaintiff's allegations regarding chest pain credible to the extent it restricted plaintiff from lifting and/or carrying more than ten pounds frequently and twenty pounds occasionally. Thus, the ALJ clearly did not credit plaintiff's testimony regarding the migraine headaches or the pain disorder. This was permissible for the ALJ to do and such credibility determination was supported by substantial evidence. Accordingly, the ALJ did not err. Neither did the Magistrate err by affirming the decision.

### 2. The ALJ Should Have Given More Weight to Plaintiff's Examining Sources Rather than to the ME Who Testified at the Administrative Hearing.

Plaintiff argues that the ALJ erred by giving more weight to the ME's opinion, a non-treating, non-examining source. Plaintiff contends that the ALJ also neglected to articulate the weight given to each medical source. The magistrate judge erred, according to plaintiff, when he "followed" the ALJ's failure to use the controlling legal standard in making his decision.

5

Case 7:03-cv-00469-JCT-BWC   Document 8   Filed 05/16/05   Page 5 of 8   Pageid#: 51

The ALJ gave "great credence" to the ME's testimony. (R. 23.) The ALJ then went on to point out that one of plaintiff's treating physicians indicated in response to questions from plaintiff's former attorney that "he did not feel the claimant was precluded f[ro]m work activity or that his mental impairment could be expected to last for 12 continuous months." *Id.* The ALJ acknowledged Dr. Luckett's evaluation, but clearly stated that he gave it little credence since he had examined plaintiff only one time. Finally, the ALJ acknowledged the two GAF scale ratings of 45-50, but concluded that the substantial evidence revealed no mental impairment that would interfere to the degree that the GAF rating would indicate. The ALJ support this finding with the ME's testimony. *Id.* As the Magistrate pointed out, the ME gave reasons for his opinions and the treating source assessments constituted substantial evidence upon which the Commissioner could rely in crediting the ME's testimony to the effect that plaintiff's mental status had little or no impact on his ability to work. Report and Recommendation at 8. *See* 20 C.F.R. § 404.1527(d)(2) (controlling weight is given to the opinions of treating physicians *if* well-supported and not inconsistent with the other substantial evidence in the record). The ALJ did not err in giving "great credence" to the ME's testimony.

3. **The ALJ Failed to Properly Assess Alley's Residual Functional Capacity**

Plaintiff contends that in order for the ALJ to have properly assessed Alley's residual functional capacity ("RFC"), the ALJ would have had to inform the VE of all of plaintiff's impairments, including Alley's "actual intolerance to stress." Instead, plaintiff argues, the ALJ merely asked the VE about a hypothetical individual who must avoid "high stress." Plaintiff objects to the Magistrate Judge's report and recommendation to the extent that the Magistrate Judge did not "notice" the ALJ's error.

Case 7:03-cv-00469-JCT-BWC    Document 8    Filed 05/16/05    Page 6 of 8    Pageid#: 52

The only testimony at the administrative hearing regarding stress was when plaintiff's own attorney asked the plaintiff whether the stress of "the job" ever effected him. Plaintiff responded that there were jobs he "just left" because he could not "handle" them. (R. 45.) Plaintiff did not specify which jobs he could not handle or what about the jobs caused him to feel stress. Nor did his attorney ask plaintiff to specify these things. The ALJ's question to the VE certainly corresponded with this testimony. The ALJ stated that while there was no definitive indication that plaintiff should avoid a high stress job, given his work history, a high stress job should probably be avoided. (R. 86.) Moreover, plaintiff's own treating psychiatrist was of the opinion that plaintiff's ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors and maintain attention and concentration was "good." (R. 390). Moreover, he opined that plaintiff could "fair[ly]" deal with work stresses and function independently. *Id.* Accordingly, the Court finds that the ALJ's question was not improper.

### 4. The ALJ Should Have Explained and Supported His Credibility Finding.

Plaintiff contends that the ALJ is required to explain his credibility finding and is not allowed to merely refer back to the body of his decision unless it contains a "clear explanation." Plaintiff argues that the ALJ failed to consider plaintiff's "pain disorder" which would explain the discrepancy between plaintiff's testimony regarding pain and the objective medical evidence of an impairment that would cause such pain. Plaintiff objects to the Magistrate's Report and Recommendation, ostensibly, because he ignored the ALJ's error.

The Court notes that the ALJ included in his written decision his duty to consider all of plaintiff's impairments, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence. The ALJ found that plaintiff's

7

"allegations regarding his limitations [were] not totally credible for the reasons set forth in the body of the decision." (R. 25.) The ALJ stated that he did find plaintiff credible to the extent that plaintiff alleged chest pain or symptoms of pressure. The ALJ stated that the record contained no evidence of any impairment that impacts on the claimant's ability to sustain standing and/or walking six hours in an 8-hour workday or that impacts on his ability to sustain sitting six hours in an 8-hour workday. The ALJ clearly addressed plaintiff's credibility. Accordingly, neither the ALJ, nor the Magistrate, was in error.

After a *de novo* review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the Court will adopt the Magistrate's Report and Recommendation in full and overrule the plaintiff's objections. An appropriate order shall this day issue.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all counsel of record.

ENTER: This 16th day of May, 2005.

*James C. Turk*
Senior United States District Judge